**Anthony EDWARDS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Eduardo FERRUFINO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

Nos. 96–3096, 96–3641.

United States Court of Appeals, Eleventh Circuit.

May 30, 1997.

Anthony Edwards, Coleman, FL, pro se; Xavier Martinez, Podhurst Orseck Josefs-

berg Eaton Meadow Olin & Perwin, P.A., Miami FL, for Anthony Edwards and Eduardo Ferrufino.

Charles Wilson, U.S. Attorney, Teri I. Donaldson, Susan H. Rothstein, and Edward J. Page, Asst. U.S. Atty., Tampa, FL, for the U.S.

Before EDMONDSON, Circuit Judge, and KRAVITCH and WOOD *, Senior Circuit Judges.

BY THE COURT:

These 28 U.S.C. § 2255 matters are before us pursuant to motions filed by the government. The motions are "[F]or a Limited Remand with Instructions that the District Court Issue a Certificate of Appealability or State the Reasons Why Such a Certificate Should Not Issue and For a Stay of this Appeal." The motions are granted.

■ In granting the motions, we decide today that the federal courts and litigants in this circuit must treat requests for certificates of appealability (COAs) involving 28 U.S.C. § 2254 or 28 U.S.C. § 2255 in the same way. To be more specific, we also prescribe these courses of action to be followed:

(1) District courts must treat notices of appeal filed by petitioners following a denial of either a section 2254 or a section 2255 petition as applications for COAs.

(2) District courts must consider and rule upon the propriety of issuing the COA first, that is, before a request for a COA will be received or acted on by this court or a judge of this court.

■ The precise interaction of Fed. R.App. P. 22(b) and 28 U.S.C. §§ 2253(c), 2254 and 2255 is not always plain to us. But given the laws' language and history, we have made up our minds that both district and circuit judges can issue COAs. *See Hunter v. United States,* 101 F.3d 1565 (11th Cir.1996) (en banc). And we are satisfied that the Rule and statutes either are silent about the sequence of applications for a COA or require that the district court act first— see, e.g., *Lozada v. United States,* 107 F.3d 1011 (2d Cir.1997) (Rule 22(b) requires section-2255 petitioner apply first to district court and then to court of appeals).

Even if today's procedural instructions are not commanded by the Rule or statutes, they do not contradict the Rule and statutes; and we conclude that these uniform procedures are necessary from the viewpoint of sound, orderly judicial practice in the circuit. So, we give the prescriptions pursuant to our supervisory powers.** *See generally Clisby v. Jones,* 960 F.2d 925 (11th Cir.1992); *United States v. Jones,* 899 F.2d 1097 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill,* 984 F.2d 1136 (11th Cir. 1993) (en banc).

We are not innovators. The customary sequence for seeking permission to appeal starts in the district court. *See, e.g.,* 28 U.S.C. § 1292(b). This practice allows the court most familiar with the case to have the first word and allows the appellate court the great benefit of having the district judge's views on the need for an appeal. In addition, we think it would be contrary to the usual order of things in America's courts to have the district court in some way overrule the decision of the appellate court: a possible result if no definite sequence is set out for applications for COAs when both courts are separately empowered to issue an effective COA.

In the case before us now, the district courts have neither granted nor denied a COA. Nor have we. Because appeals—such as these—filed after the effective date of the Antiterrorism and Effective Death Penalty Act are ineffective without a COA, these

---

* Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

** Although this court has sometimes exercised its supervisory authority to prescribe procedures that courts must follow only in the future, we have also used our supervisory authority, as we do today, to announce procedures to apply to cases currently pending. *See, e.g., Furlong v. Havee,* 885 F.2d 815, 819 (11th Cir.1989); *Piambino v. Bailey,* 757 F.2d 1112, 1145–47 (11th Cir.1985).

appeals are not before us on the merits. For now, we finish them by remanding the cases to the district court for further proceedings to grant or to deny COAs in accordance with the requirements of this order.

REMANDED.