**UNITED STATES of America,**

v.

**Jerry Dwight BURKHALTER.**

No. CV 695–231.
No. CR 695–004.

United States District Court,
S.D. Georgia,
Savannah Division.

June 10, 1997.

David Roberson, Roberson & Schmidt, Savannah, GA, for plaintiff.

Jerry Dwight Burkhalter, Jesup, GA, pro se.

Frank J. DiMarino, U.S. Atty's. Office, Savannah, GA, for defendant.

*ORDER*

EDENFIELD, Judge.

## I. *BACKGROUND*

On 10/1/96, defendant Jerry Dwight Burkhalter appealed this Court's 9/23/96 Judgment denying his 28 U.S.C. § 2255 motion. At that time, he neither moved for, nor did this Court issue, a Certificate of Appealability ("COA"). *See* 28 U.S.C. § 2253(c). The Eleventh Circuit has now remanded this case for consideration of that issue. *See* 6/3/97 M. Cortez Letter (citing *Edwards v. U.S.*, 114 F.3d 1083, 1084 (11th Cir.1997) (COA applications receive the same treatment under both 28 U.S.C. § 2254 and § 2255; applicants must seek a COA from the district court before requesting one on appeal, and a Notice of Appeal shall be construed as a COA application)).[1]

## II. *ANALYSIS*

### A. Certificate of Appealability

A practical difficulty—perhaps overlooked by the *Edwards* court—arises here. The COA statute expressly conditions the issuance of a COA upon the applicant's "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Each COA therefore "shall indicate which specific issue or issues" amount to a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2)(3). Conversely, F.R.App.P. 22(b)[2] instructs judges who decline to issue a COA to "state the reasons why such a certificate should not issue." *Id.*[3]

Through this process, the appellate court benefits from the district judge's "intimate knowledge of both the record and the relevant law...." *Lyons*, 105 F.3d at 1072.

---

1. F.R.App.P. 22(b), which implements the COA statute, guides *appellate* courts confronted with an appeal that is unaccompanied by a COA or COA application: they are to treat the notice of appeal as a COA "request addressed to the judges of the court of appeals." *Edwards* expands this aspect of Rule 22(b)'s coverage to district courts.

2. Despite the confusion arising from the seeming conflict between Rule 22(b)'s heading and its text, *see Hunter v. U.S.*, 101 F.3d 1565, 1575–76 n. 8 (11th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997), it applies to both § 2255 and § 2254 cases. *Id.; Edwards*, 114 F.3d at 1084.

3. This is essentially the same process and standard that had been applied to an application for a Certificate of Probable Cause ("CPC"), the COA's predecessor. *See Blankenship v. Johnson*, 106 F.3d 1202, 1204 n. 2 (5th Cir.1997) ("The standard for issuing a COA is the same as that for issuing a CPC"); *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1073 (6th Cir.1997), *cert. denied*, —— U.S. ——, 117 S.Ct. 1724, 137 L.Ed.2d 845 (1997).

This not only contributes to efficiency, but also effectuates Congress' intent to eliminate frivolous, delay-causing petitions. *Id.; see also U.S. v. Simmonds,* 111 F.3d 737, 740–41 (10th Cir.1997) (the COA requirement helps "to curb repetitive filings and to mitigate the burden on taxpayers resulting from such abuses").

What looks good on paper, however, breaks down in operation. As had been done in the past with the CPC, the COA applicant must sufficiently detail the appellate issues he plans to raise so that the district judge can determine whether he has, in fact, substantially shown that he has been denied a constitutional right. *Lyons,* 105 F.3d at 1073. Hence, the application must provide a clear statement of the contemplated appellate issues, showing that they are "debatable among jurists of reason [and that] a court could resolve [them] in a different manner," *Lyons,* 105 F.3d at 1074–75 (internal quotes omitted; first brackets added), "or that the questions are adequate to deserve encouragement to proceed further." *Drinkard v. Johnson,* 97 F.3d 751, 755 (5th Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997).

Yet, by directing district courts to treat each appeal notice as a § 2253(c)(2) application, *Edwards* may very well lull litigants into falsely believing that they may dispense with a COA application—and, more importantly, its substantive requirements—because their Notice of Appeal will suffice. Most § 2254 and § 2255 appeal notices understandably contain no § 2253(c)(2) showing, if only because nothing in F.R.App.P. 3 or 4 prompts it. Thus, many appellants simply fail to set forth their appellate issues, leading the district court to routinely deny the COA application in virtually every case.[4]

That, in turn, reduces the district court COA-determination process to a meaningless ministerial exercise. Having just exercised its supervisory powers to smooth over the rough spots between Rule 22(b), §§ 2253(c), 2254 and 2255, *see Edwards,* 114 F.3d at

1084, the Eleventh Circuit might again wish to prescribe some improvement. *See id.* n. * * (noting that it "has sometimes exercised its supervisory authority to prescribe procedures that courts must follow. . . . ."). Somewhere in the process (e.g., upon receiving each unaccompanied appeal notice, the Clerk mails the litigant a COA form containing completion and filing instructions), the district court should be able to make a *meaningful* COA determination, and not simply render a meaningless COA denial, which is what typically will occur when it construes a "plain-vanilla" appeal notice as a COA application.

■ In light of these observations, the Court now turns to Burkhalter's *implied* COA application. See doc. # 37 (Notice of Appeal). This Court's Order and Judgment adopted the Magistrate Judge's Report and Recommendation ("R & R"). The R & R exhaustively examined and correctly disposed of Burkhalter's claims. Burkhalter's appeal notice fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Indeed, his notice of appeal makes no such showing at all. *See* Doc. # 37. Accordingly, Burkhalter's implied COA application, stemming from the very filing of his Notice of Appeal, must be denied.

**B. In Forma Pauperis**

■ The Eleventh Circuit also instructed this Court to consider whether Burkhalter "should be permitted to proceed on appeal in forma pauperis ['IFP']. . . . " Cortez Letter at 1; *see also* 28 U.S.C. § 1915(a)(3); F.R.App.P. 24(a). Burkhalter presents no IFP issue because the Prison Litigation Reform Act of 1995 ("PLRA") simply does not apply to § 2255 motions. *Anderson v. Singletary,* 111 F.3d 801, 806 (11th Cir.1997) ("We hold that the filing fee requirements of [PLRA] . . . do not apply in 28 U.S.C. § 2254 or 28 U.S.C. § 2255 proceedings"); *id.* at 802 n. 1 ("PLRA applies to both appellate docketing and filing fees"); *accord U.S. v. Levi,* 111

---

4. It is not the province of this Court to raise issues on behalf of litigants before it. *See Adler v. Duval County School Bd.,* 112 F.3d 1475, 1481 n. 12 (11th Cir.1997) ("It is not our place as an appellate court to second guess the litigants before us and grant them relief they did not request, pursuant to legal theories they did not outline, based on facts they did not relate").

F.3d 955 (D.C.Cir.1997); *Simmonds,* 111 F.3d at 741–44 (§ 2255 context); *Martin v. Bissonette,* 118 F.3d 871, 874 (1st Cir.1997) (collecting cases).

### III. *CONCLUSION*

Accordingly, defendant Jerry Dwight Burkhalter's implied application for a Certificate of Appealability is **DENIED** on the merits. To the extent the Eleventh Circuit construes the existence of an implied motion for leave to appeal In Forma Pauperis in this case, *see* M. 6/3/97 M. Cortez Letter at 1, it is **DENIED** as moot. The Clerk is directed to file that letter in the record of this case.