**UNITED STATES of America,**

v.

**Dwight Maurice MONROE.**

Crim. No. 2:90–CR–15.
Civ. No. 2:94–CV–127–WCO.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 24, 1997.

Carolyn Jackson Adams, Asst. U.S. Atty., Northern District of Georgia, Atlanta, GA, for U.S.

Virginia Natasha Perdew, Federal Defender Program, Inc., Atlanta, GA, for Dwight Maurice Monroe.

### ORDER

O'KELLEY, Senior District Judge.

The captioned case is before the court on remand from the Eleventh Circuit Court of Appeals for consideration of a certificate of appealability being issued on behalf of petitioner [71–1].

I. Procedural History.

On May 30, 1997, the Eleventh Circuit issued *Edwards v. United States*, 114 F.3d 1083 (11th Cir. 1997), in which it was decided that two cases before the Eleventh Circuit for consideration at that time would be remanded to the respective district court for consideration of whether petitioner should be granted a certificate of appealability ("COA")

and, if so, which issue(s) should be certified for appeal. *Edwards v. United States,* 114 F.3d 1083, 1997 WL 282509 (11th Cir.1997); *see* 28 U.S.C. § 2253(c)(1)–(3)(West, 1997). Pursuant to this case, and at the Eleventh Circuit's direction, the clerk subsequently returned numerous cases to their respective courts of origin, including the above referenced case to this district court, for the purposes of complying with the directions given in *Edwards.*

Specifically, the Eleventh Circuit stated that:

> [W]e decide today that the federal courts and litigants in this circuit must treat requests for certificates of appealability (COAs) involving 28 U.S.C. § 2254 or 28 U.S.C. § 2255 in the same way. To be specific, we also prescribe these courses of action to be followed:
>
> (1) District Courts must treat notices of appeal filed by petitioners following a denial of either a section 2254 or a section 2255 petition as applications for COAs.
>
> (2) District courts must consider and rule upon the propriety of issuing the COA first, that is, before a request for a COA will be received or acted on by this court or a judge of this court.

*Id.* In fashioning such requirements, the Eleventh Circuit clearly stated that it was doing so under the guise of its supervisory powers, in part because "the precise interaction between Fed. R.App. P. 22(b) and 28 U.S.C. §§ 2253(c), 2254 and 2255 is not always plain to us [the Eleventh Circuit]." *Id.* (*citing Clisby v. Jones,* 960 F.2d 925 (11th Cir.1992); *United States v. Jones,* 899 F.2d 1097 (11th Cir.1990), *overruled on other grounds by United States v. Morrill,* 984 F.2d 1136 (11th Cir.1993) (*en banc*)). The court also announced that these procedures apply to all § 2254 and § 2255 cases currently pending and thus remanded this case, among others, to this court. *Id.* at n. 1.

■ The case underlying the recent *Edwards* decision is *Hunter v. United States,*

101 F.3d 1565 (11th Cir.1996)(*en banc*). In *Hunter,* the Eleventh Circuit held that the Antiterrorism and Effective Death Penalty Act ("AEDPA") amendments to § 2253(c) and Rule 22(b) apply to all 28 U.S.C. § 2254 cases in which no certificate of probable cause ("CPC") to appeal was obtained under preexisting law before the effective date of the Act, and to all 28 U.S.C. § 2255 cases in which no notice of appeal was filed before that effective date. *Hunter,* 101 F.3d at 1567, 1568–73. In holding that the AEDPA applied to pending cases, the Eleventh Circuit found the new amendments did not have a "retroactive effect" as they did not impair any "rights a party possessed when it acted" and the amendments were, instead, "procedural rules" which could be applied to pending cases. *Id.* at 1568–73 (*citing Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); *Lindh v. Murphy,* 96 F.3d 856, 863 (7th Cir.1996) (*en banc*)). The Eleventh Circuit expressly rejected the argument that because § 107(c) of the AEDPA provides that certain new rules applying to capital cases apply to pending cases but no similar proviso exists for sections 102 and 103—the applicable AEDPA amendments to § 2253(c) and to Rule 22(b)— that, *ipso facto,* Congress must have not intended for § 2253(c) and Rule 22(b) to apply to pending cases; thereby rejecting an *"expressio unius est exclusio alterius"* [1] argument. *Hunter,* 101 F.3d at 1569–70. In making this determination, the Eleventh Circuit relied predominantly upon the Seventh Circuit's rationale in *Lindh. Id.* The Eleventh Circuit also explicitly relied upon the Seventh Circuit's decision in rejecting petitioners' more "complex" argument. *Id.* at 1570 n. 3 ("We agree with the discussion in the *Lindh* opinion and reject the argument for the same reasons.").

A problem concerning the application of *Edwards,* however, has come down the pike via the United States Supreme Court.[2] In *Lindh v. Murphy,* —— U.S. ——, 117 S.Ct.

---

**1.** A maxim of statutory interpretation meaning that the expression of one thing is the exclusion of another. BLACK'S LAW DICTIONARY at 581 (6th ed.1990).

**2.** At least one district court in this circuit has identified a potential problem lurking within the confines of *Edwards'* prescriptions regarding

COAs. In *United States v. Burkhalter,* 966 F.Supp. 1223 (S.D.Ga.1997), Judge Edenfield expressed his concern with the *Edwards* requirement of treating "notice of appeals" because § 2253(c)(2) applications might "very well lull litigants into falsely believing that they may dispense with a COA application—and, more importantly, its sub-

2059, 138 L.Ed.2d 481, (1997), the Supreme Court reversed the Seventh Circuit's decision, holding that the AEDPA's amendments to § 2253(c) could not be applied retroactively to cases pending as of April 24, 1996. *Lindh,* —— U.S. at ——, 117 S.Ct. at 2062–63. In so doing, the majority opinion of the Court embraced the petitioner's *expressio unius est exclusio alterius* argument, which was previously rejected by the Eleventh Circuit in *Hunter. Lindh,* —— U.S. at ——, 117 S.Ct. at 2063–68 ("We read this provision of § 107(c), expressly applying chapter 154 to all cases pending at enactment, as indicating implicitly that the amendments to chapter 153 were assumed and meant to apply to the general run of habeas cases only when those cases had been filed after the date of the Act."). The Court also agreed with petitioner's "more complex" argument that was rejected by the Eleventh Circuit. *Compare Lindh,* —— U.S. at ——, 117 S.Ct. at 2066–68 *with Hunter,* 101 F.3d at 1570 n. 3.

The overall effect of the Supreme Court's decision in *Lindh* is, for present purposes, that the decision implicitly overruled the Eleventh Circuit's decision in *Hunter v. United States. See Lindh,* —— U.S. at ——, 117 S.Ct. at 2062–63 (noting that *Hunter* relied upon *Lindh* in holding certain amendments to chapter 153 applicable to pending cases). Accordingly, it would seem that the Eleventh Circuit's decision in *Edwards* is also suspect as the Supreme Court has ruled that the AEDPA amendments do not apply to cases filed before April 24, 1996, and thus the old § 2253 would apply to such cases, not the COA requirements found in the AEDPA.

Moreover, the Supreme Court's ruling also calls into question whether the Eleventh Circuit's 'supervisory power' can mandate the requirement of a COA for cases filed before the enactment of the AEDPA. *See Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973) (under the Court of Appeals supervisory power, the appellate court "may likewise require [lower courts to] follow procedures deemed desirable from the viewpoint of sound judicial practice"); *McNabb v. United States,* 318 U.S. 332, 340, 63 S.Ct. 608, 612–13, 87 L.Ed. 819 (1943) ("Judicial supervision of the administration of criminal justice in the federal courts implies the duty of establishing and maintaining civilized standards of procedure and evidence."); *accord United States v. Jones,* 899 F.2d 1097, 1102 (11th Cir.1990) (exercising supervisory power to require district courts to elicit fully articulated objections following the imposition of sentence to the court's findings of fact and conclusions of law).

 Thus, besides eliminating the prerequisite for a COA to be issued by the district court, the end result of the *Lindh* decision is two prong:

1) for § 2254 cases filed before April 24, 1996, a petitioner needs to obtain a certificate of probable cause in order to appeal to the Eleventh Circuit; and

2) for § 2255 cases, a petitioner need only file a "notice of appeal" in order to appeal to the Eleventh Circuit.

*See Hunter,* 101 F.3d at 1571.[3]

Accordingly, the Eleventh Circuit remand of this case presents a curious dilemma to

---

stantive requirements—because their notice of appeal will suffice." *Burkhalter,* 966 F.Supp. at 1224–25. The result would "reduce the district court COA determination process to a meaningless ministerial exercise" as the district court would "routinely deny the COA application in virtually every case." *Id.* at *2. Judge Edenfield ended by noting that "the Eleventh Circuit might again wish to prescribe some improvement." *Id.*

**3.** The Eleventh Circuit neatly summarized the changes wrought by the AEDPA in *Hunter:*

We realize that the changes involving appeal certificates made by §§ 102 and 103 of the AEDPA are greater as they affect federal inmate § 2255 movants than as they affect state inmate § 2254 applicants. The reason is that preexisting law already required unsuccessful § 2254 applicants to obtain a certificate of

probable cause to appeal as a prerequisite to appellate review of a district court judgment denying relief. 28 U.S.C. § 2253 (West, 1995); Fed. R.App. P. 22(b)(1995). The most that §§· 102 and 103 of the AEDPA have done to § 2254 applicants is reduce the likelihood of them obtaining such a certificate, now called a certificate of appealability, and possibly narrow the scope of any appeal that is permitted. *See* § 2253(c)(3).

By contrast, unsuccessful § 2255 movants were not required by preexisting law to obtain a certificate as a prerequisite to an appeal. They could appeal without getting a judge to certify anything about the possible merit of their issues. Sections 102 and 103 of the AEDPA changed that, subjecting § 2255 movants to pre-appeal certification requirements

the undersigned. Essentially, because *Edwards* has not been explicitly overruled, this court is caught reconciling the Supreme Court's decision in *Lindh* with the Eleventh Circuit's supervisory dictate in *Edwards*. This dilemma changes depending upon whether a § 2254 or § 2255 appeal is before the court.

On the one hand, the *Lindh* decision clearly contemplates that § 2254 cases are to be treated largely the same: the petitioner need obtain a "certificate of probable cause"—an analytical determination most likely identical to that of a COA.[4] Then, pursuant to the Eleventh Circuit's supervisory direction, the court would narrow the issues for appeal. *Edwards*, 114 F.3d at 1084. Over all, consideration of § 2254 appeals is not substantively different.

For § 2255 applicants, however, it would seem that as a notice of appeal was all that was required to appeal to the Eleventh Circuit pre–AEDPA, pursuant to *Lindh* a petitioner's § 2255 appeal should be returned to the Eleventh Circuit on its merits. This, of course, runs contrary to the Eleventh Circuit's finding in *Edwards* that "we think it would be contrary to the usual order of things in America's courts to have the district court in some way overrule the decision of the appellate court." *Edwards*, 114 F.3d at 1084. The alternative, following the dictate of the Eleventh Circuit in *Edwards*, is for the undersigned to determine whether there are sufficient grounds to appeal, either grant or deny a COA, and then narrow any issues for appeal. Of course, this conflicts with *Lindh*, leaving this court caught between "Scylla and Charybdis."[5] This situation would seem to call for further direction

from the Eleventh Circuit if district courts are to successfully navigate this procedural thicket.

## II. Applicability of AEDPA to Petitioner.

Petitioner originally filed his 28 U.S.C. § 2255 motion for relief on October 31, 1994. Thus, post–*Lindh*, petitioner's notice of appeal is sufficient to gain him review of his appeal on the merits before the Eleventh Circuit and this court need not make a determination as to whether a COA should issue. *Lindh*, —— U.S. at ——, 117 S.Ct. at 2062–63; *see also United States v. Carter*, 117 F.3d 262 (5th Cir. 1997). The court will therefore deny a COA as this is a question not properly before the court and, moreover, any decision by this court regarding this issue would be dicta.

The court notes that although *Edwards* may be the rule of law for cases filed after the enactment of the AEDPA, for cases filed pre–AEDPA the *Lindh* decision clearly controls and dictates that this case be returned to the Eleventh Circuit because petitioner may appeal as of right. The court also finds it critical that the above referenced case has not been specifically ruled upon by a panel of the Eleventh Circuit and was instead returned to this court via the clerk. If the above referenced case had been specifically remanded by the Eleventh Circuit, as were the named cases in *Edwards*, this court may have been compelled to follow *Edwards* because *Edwards* has not been explicitly overruled and, therefore, its holding would dictate the outcome in this court as the law of the case. The Eleventh Circuit has not specifically ruled on the above referenced case,

---

(the same ones that apply to § 2254 applicants).

*Hunter*, 101 F.3d at 1571.

**4.** The newly modified § 2253(c)(2), which provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," alters preexisting law, which defined the required showing as, a "substantial showing of the denial of [a] federal right." *Barefoot v. Estelle*, 463 U.S. 880, 881, 103 S.Ct. 3383, 3388–89, 77 L.Ed.2d 1090 (1983).

Although there has been some difference in opinion, a majority of Circuit Courts have found that the standard remains the same. *Compare*

*Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir. 1996); *Reyes v. Keane*, 90 F.3d 676, 679–80 (2nd Cir. 1996); and *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996)(finding that standards for CPCs and COAs are the same) *with Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996)(standard for COAs "more demanding" than standard for CPCs). The Eleventh Circuit has yet to rule on this issue.

**5.** In popular Greek myth, Jason was forced to choose "between the rock and the whirlpool" if the Argo and his Argonauts were to pass through the Strait of Messina separating the Italian mainland and Sicily. Odysseus also navigated this strait in *The Odyssey* by Homer.

**1476**

however, and thus the court is not constrained by such a holding in this particular case.

### Conclusion

Based upon the foregoing discussion, the court finds that petitioner is not entitled to a certificate of appealability. Therefore, upon remand from the Eleventh Circuit, the court finds that petitioner's motion for a certificate of appealability is hereby DENIED [71–1]. As discussed above, however, the court has determined that petitioner is entitled to an appeal as of right as per the pre–AEDPA 28 U.S.C. § 2255. This case should therefore be forwarded to the Eleventh Circuit for a determination upon appeal.