[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 17, 2006
THOMAS K. KAHN
CLERK

No. 05-14711
Non-Argument Calendar
_____

D. C. Docket No. 03-00108-CR-2-RBP-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(February 17, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Samuel Walker, a federal prisoner proceeding pro se, appeals the district

court's denial of his "Motion to Correct Unlawful Sentence." The government argues on appeal that the district court could only assume jurisdiction over Walker's motion by construing it as a motion pursuant to 28 U.S.C. § 2255, but that it failed to do so, and, therefore, did not have jurisdiction. Alternatively, the government argues that if the motion was considered as a § 2255 motion, we lack jurisdiction because Walker did not obtain a certificate of appealability ("COA"). Because we accept both of the government's arguments, we do not address the substantive issues.

Federal courts have an "obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Doing so may allow a court to avoid an unnecessary dismissal or inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of the motion and its underlying legal basis. *See Castro v. United States*, 540 U.S. 375, 381-82, 124 S. Ct. 786, 791-92, 157 L. Ed. 2d 778 (2003). When a district court recharacterizes a *pro se* motion as an initial § 2255 motion, it must notify the movant of the intended recharacterization, advise him of the consequences of such recharacterization, and provide an opportunity for the motion to be withdrawn or amended. *Id*. at 383, 124

2

S. Ct. at 792. If the district court fails to do so, the motion cannot be considered as an initial § 2255 motion for purposes of determining whether a subsequent § 2255 motion is second or successive. *Id.*

A COA must be issued in order for an applicant to appeal a final order in a proceeding under § 2255. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). "If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). We require district courts to treat a notice of appeal of a § 2255 motion as an application for a COA, and we also require the district court to rule upon an application for a COA before we will consider such a request. *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997) (per curiam).

Because the district court denied Walker's motion without explaining the source of its jurisdiction or the basis on which it made its decision, we do not know whether the district court construed Walker's motion as a § 2255 motion or whether it denied the motion on the basis of some other authority.[1] We therefore vacate the district court's order and remand this case to the district court for further

---

[1]The district court's order merely stated: "The Motion to Correct Unlawful Sentence filed by the defendant, Samuel Walker on January 8, 2005 is DENIED. The court reiterates that it is of the opinion that the sentence is too harsh. However, the court has no authority to reduce it."

proceedings.  On remand, the district court should either state that it is construing

Walker's motion as a § 2255 motion, give Walker the *Castro* warnings, and

construe any subsequent notice of appeal as an application for a COA, or, if it

chooses not to proceed under § 2255, either (1) explain the basis for its

jurisdiction, or (2) dismiss Walker's motion for lack of jurisdiction.

**VACATED AND REMANDED.**