[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 2, 2006
THOMAS K. KAHN
CLERK

No. 05-16532
Non-Argument Calendar

_____

D. C. Docket No. 96-00589-CR-JAL

JOSE ANGEL PEREZ,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 2, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

On February 12, 1997, appellant plead guilty to four counts of a superceding

indictment: Counts I and IV, bank robbery, 18 U.S.C. § 2113(a) and (d), and Counts II and V, use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). On May 8, 1997, the district court sentenced appellant to prison for a total of 340 months.

Appellant thereafter filed numerous motions to vacate his sentence under 28 U.S.C. § 2255, as well as motions under 18 U.S.C. § 3582 to modify his sentences. He filed one such motion pursuant to 18 U.S.C. § 3582(c)(1)(B) and 28 U.S.C. §§ 2241, 2243, which the district court construed as a § 2255 motion to vacate and denied as impermissibly successive ("Order 163"). Appellant also filed two identical motions pursuant to 18 U.S.C. § 3582(c)(2), which the district court denied in an omnibus order. He then filed the motion now before us under Federal Rule of Civil Procedure 60(b). Although the motion is unclear as to which of the district court's many orders it challenged, the court docketed it as a motion for relief from the omnibus order denying his § 3582(c)(2) motions. It has become clear on appeal, however, that appellant intended that his Rule 60(b) motion challenge only Order 163, which denied his § 3582(c)(1)(B) motion as a successive, untimely § 2255 motion.

Thus, although not raised by the parties, we first determine whether appellant must obtain a certificate of appealability ("COA") before he can appeal

the denial of his Rule 60(b) motion for relief from judgment of Order 163 denying him § 2255 relief. See Pagan v. United States, 353 F.3d 1343, 1344-45 (11th Cir. 2003); see also Jackson v. Crosby, 437 F.3d 1290, 1294 (11th Cir. 2006) (holding that while every Rule 60(b) motion is not necessarily a successive § 2255 motion, "[i]t is still the law of this circuit that "a [COA] is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.""). A COA is a jurisdictional prerequisite to an appeal from the final order in a § 2255 proceeding. Although we have authority to grant a COA, an application for a COA must be considered first by the district court. Fed. R. App. P. 22(b)(1); Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). If the putative appellant does not make an express request for a COA, the district court should treat his notice of appeal as an application for a COA. Fed.R.App.P. 22(b)(1); Edwards, 114 F.3d at 1084.

Although appellant did not file an application for a COA, the district court should have construed his notice of appeal as an application for a COA and determined whether a COA should issue. Fed. R. App. P. 22(b)(1); Edwards, 114 F.3d at 1084. Because the district court did not do so, we vacate its order denying appellant's Rule 60(b) motion and remand the case for the limited purpose of allowing the court to decide whether to issue a COA.

VACATED AND REMANDED.

3