[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 3, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13627
Non-Argument Calendar

_____

D. C. Docket No. 89-00057-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD MORRISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 3, 2009)**

Before TJOFLAT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

In <u>United States v. Morrison</u>, Nos. 92-2459 and 95-2226 (decided June 19,

1996) (unpublished), we affirmed appellant's conviction and sentence for possession with intent to distribute cocaine and the denial of his motions for new trial. Since that time, appellant has sought relief from his conviction and sentence under 28 U.S.C. § § 2241 and 2255, but has been unsuccessful.

Before us is appellant's appeal of the order the district court entered on May 28, 2008, which denied appellant's February 2007 motion, captioned "Verified Emergency Plea to Jurisdiction [etc.]" and his motions of August 2007 and April 2008, which the court deemed moot. The district court construed the February 2007 motion as an unauthorized and successive § 2255 motion and therefore dismissed it for lack of jurisdiction.

Appellant did not request a certificate of appealability (COA) to appeal the issues raised in his February 2007 motion, and the district court does not appear to have construed his notice of appeal as requesting a COA. Consequently, a COA has not issued.

We are obligated to review our subject matter jurisdiction sua sponte, even if neither party contests it. Boone v. Sec'y, Dep't of Corr., 377 F.3d 1315, 1316 (11th Cir. 2004) (per curiam). Thus, we must decide as a threshold issue whether a COA must issue before we can entertain this appeal.

Unless a habeas petitioner obtains a COA, he may not appeal "the final order

2

in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," or "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(A)-(B); Slack v. McDaniel, 529 U.S. 473, 481-82, 120 S.Ct. 1595, 1602-03, 146 L.Ed.2d 542 (2000). If the district court's order is not a final order within the meaning of the statute, a COA is not required. See Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

An application for a COA must be considered first by the district court. Fed. R. App. P. 22(b)(1); Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). If a petitioner requires but does not expressly request a COA, the district court should construe his notice of appeal as an application for a COA. Fed. R. App. P. 22(b)(1); Edwards, 114 F.3d at 1084. If the district court does not rule with respect to a COA, we remand so the district court may consider whether to grant or deny a COA. Edwards, 114 F.3d at 1084-85.

In Hubbard v. Campbell, 379 F.3d 1245, 1246 (11th Cir. 2004), Hubbard filed a pleading in a case in which a final judgment had already been rendered. The district court dismissed the pleading for lack of subject matter jurisdiction. Id. We concluded that the dismissal was not a "final order in a habeas corpus proceeding," so Hubbard did not require a COA, and we had jurisdiction to review the dismissal under 28 U.S.C. § 1291. Id. at 1247. We went on to hold that the

3

district court had lacked subject matter jurisdiction to entertain Hubbard's pleading. Id.

Appellant's criminal case became final when we affirmed his conviction and sentence and the time for seeking certiorari review in the Supreme Court ended. The motion before us does not seek relief under § 2255. We therefore conclude that a COA was not required so to enable us to review the district court's decision denying appellant's motion for lack of subject matter jurisdiction. The district court correctly determined that appellant was attempting to file a motion in a criminal case that had long ago ended. The court therefore lacked jurisdiction to entertain it.

**AFFIRMED.**