[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10340
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-22582-CV-AJ

ALFRED WAYNE LEE,

Plaintiff-Appellant,

versus

ATTORNEY GENERAL OF THE UNITED STATES,
UNITED STATES DEPARTMENT OF JUSTICE,
HARLEY G. LAPPIN, Director of the Federal
Bureau of Prisons,
FEDERAL BUREAU OF PRISONS,
WIFREDO A. FERRER, U.S. Attorney for the
Southern District of Florida, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 10, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Alfred Wayne Lee, a pro se federal prisoner, appeals the dismissal of his motion for declaratory and emergency injunctive relief, which the district court construed as an unauthorized successive 28 U.S.C. § 2255 motion to vacate.[1] Reversible error has been shown; we vacate and remand for additional proceedings.

We review de novo a district court's dismissal of a section 2255 motion as second or successive. McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002). On appeal, Lee points out that the district court failed to give him the required warnings mandated by Castro v. United States, 124 S.Ct. 786 (2003), when it recharacterized his prior habeas petition, filed pursuant to 28 U.S.C. § 2241, as a section 2255 motion. Thus, he contends, the district court erroneously dismissed his instant filing as successive.

Under Castro, when a district court construes a pro se pleading as a first section 2255 motion, it must:

---

[1]We previously remanded Lee's case because -- although the district court construed Lee's filing as a section 2255 motion -- the court failed to construe his notice of appeal as a request for a certificate of appealability ("COA"), as required. See Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997) (explaining that a district court must treat a notice of appeal from the denial of a section 2255 motion as a motion for COA and that the district court must rule on COA before we will act on an application for COA). On remand, the district court denied COA and, later, this Court granted a COA.

notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [section] 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [section] 2255 claims he believes he has.  If the court fails to do so, the motion cannot be considered to have become a [section] 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

Castro, 124 S.Ct. at 792.

Here, the record reveals that, upon Lee's first construed section 2255 motion, the district court failed to comply with the rule in Castro.  Thus, the district court erred in construing the instant motion as impermissibly successive.  Accordingly, we vacate and remand for additional proceedings consistent with Castro.[2]

VACATED AND REMANDED.

---

[2]Even if the instant motion is construed as a section 2255 motion and is untimely, as the government contends, Lee still has not properly been given the opportunity to include all the claims and arguments that may be applicable to the timeliness of a section 2255 motion. See Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000) (explaining that "[i]f there is an issue that the district court did not decide in the first instance, it is not properly before this Court and we remand for the district court's consideration").