[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15280
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cv-00044-MP-GRJ

MELVIN PEREZ,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

Before: BARKETT, HULL and EDMONDSON , Circuit Judges.

Melvin Perez, a Florida prisoner proceeding pro se, has moved for a

certificate of appealability ("COA") and leave to proceed in forma pauperis

("IFP"). Perez seeks to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus and the denial of his motion to alter or amend judgment: a motion filed pursuant to Fed.R.Civ.P. 59(e).

Perez's section 2254 petition challenged a state prison disciplinary proceeding which resulted in Perez's being punished with 15 days of disciplinary confinement, losing 30 days of "gain time," and being unable to earn "gain time" for 4 months. The district court denied Perez's habeas petition and denied him a COA.

Perez then filed a timely Rule 59(e) motion to alter or amend the judgment, which the district court denied. Perez filed a notice of appeal and a motion to proceed IFP on appeal. The district court denied Perez's IFP motion. But the district court did not construe Perez's notice of appeal as an application for a COA and did not otherwise rule on a COA for Perez's Rule 59(e) motion.

Because the denial of a Rule 59(e) motion constitutes a "final order" in a state habeas proceeding, we conclude that a COA is required before this appeal may proceed. See 28 U.S.C. § 2253(c)(1) (requiring a COA for appeals from the "final order" in a state habeas proceeding); see also Jackson v. Albany Appeal Bureau Unit, 442 F.3d 51, 54 (2d Cir. 2006) (requiring a COA to appeal the denial of a Rule 59(e) motion); Williams v. Thaler, 602 F.3d 291, 300 (5th Cir. 2010)

2

(same); United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (same); Williams v. Woodford, 384 F.3d 567, 585 n.4 (9th Cir. 2005) (same); cf. Gonzalez v. Sec'y for the Dep't of Corr., 366 F.3d 1253, 1263-64 (11th Cir. 2004) (en banc) (concluding that the denial of a Fed.R.Civ.P. 60(b) motion constitutes a "final order" under section 2253(c)(1) and, thus, requires a COA).

Both district court judges and circuit court judges can issue COAs. See Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). We generally require the district court to rule on the propriety of a COA before we address a request for a COA in this Court. See id. And we remand this case on a limited basis to allow the district court to grant or deny a COA for the denial of the Rule 59(e) motion.

Perez's motion for leave to proceed on appeal IFP is DENIED WITHOUT PREJUDICE to renew upon the district court's ruling on a COA.

3