[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15469
Non-Argument Calendar

_____

D.C. Docket No. 4:05-cr-00265-CLS-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH ALAN KELLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 30, 2018)

Before WILSON, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Joseph Kelly, a <u>pro se</u> federal prisoner, appeals the district court's denial of his post-conviction motion to compel specific performance of his plea agreement with the government. After review, we vacate and remand.

## I. BACKGROUND

### A.    Plea Agreement and Guilty Plea

In December 2006, Kelly pled guilty to (1) possession with intent to distribute "in excess of fifty (50) grams of methamphetamine" and a mixture and substance containing cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) ("Count 1"); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 2"); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count 3").

Kelly pled guilty pursuant to a written plea agreement, which stated, as part of the factual basis, that law enforcement had seized 548.31 grams of "actual" methamphetamine. The plea agreement specified, among other things, that: (1) Kelly was aware of the maximum possible punishments under the charges in his indictment and of the nature of the charges in the indictment; and (2) the sentencing court could use facts it found by a preponderance of the evidence in order to calculate Kelly's advisory guidelines range. The plea agreement also contained an appeal waiver and collateral attack waiver.

At his plea hearing, the government stated that the parties had agreed in the factual basis in the plea agreement that the drug amount attributable to Kelly was 548.31 grams of actual methamphetamine.  Kelly confirmed that the government's statements were accurate to the best of his knowledge.  The district court explained to Kelly that based on the amount of drugs attributable to him, he was subject to a 20-year statutory mandatory minimum sentence and a maximum life sentence.  In summarizing the factual basis for Kelly's plea, the government stated, inter alia, that according to a chemical forensic analysis, 548.31 grams of "actual methamphetamine" was seized at Kelly's home and barn.  Kelly agreed that the government's facts were correct.

**B.    Sentencing**

Prior to sentencing, the presentence investigation report ("PSI") stated that law enforcement had seized 548.31 grams of actual methamphetamine at Kelly's residence and, based in part on that drug quantity, calculated a base offense level of 36.  With a criminal history category of III, Kelly's resulting advisory guidelines range was 292 to 365 months in prison for Counts 1 and 3, with a mandatory 60-month consecutive sentence for Count 2.  Kelly did not object to the PSI's factual findings or the guidelines calculations, which were later adopted by the district court at sentencing.

On February 22, 2007, Kelly was sentenced to 292 months' imprisonment as to Count 1 and 120 months' imprisonment as to Count 3, to run concurrently, and 60 months' imprisonment as to Count 2, to run consecutively to Counts 1 and 3. Kelly did not object to his sentence.

## C.    Direct Appeal

On February 28, 2007, Kelly filed a direct appeal challenging the district court's denial of his pre-plea motion to suppress evidence.  On November 7, 2007, this Court dismissed Kelly's appeal as barred by the valid appeal waiver in his plea agreement and also waived by his voluntary and unconditional guilty plea.  Kelly has not filed a 28 U.S.C. § 2255 motion to vacate his conviction and sentence.

## D.    Pro Se Motion to Compel Specific Performance of the Plea Agreement

Almost three years later, on August 6, 2010, Kelly filed this pro se motion for specific performance of his plea agreement.  Kelly alleged that the government had breached the plea agreement and acted unconstitutionally by stating in the PSI that Kelly had possessed actual methamphetamine when the government had stipulated in the plea agreement to the quantity and type of drug alleged in the indictment, powder methamphetamine.  Kelly claimed that the district court lacked jurisdiction to sentence him based on actual methamphetamine because that offense was not properly specified in the indictment, in violation of the Fifth and Sixth Amendments.  Kelly asserted that he was entitled to be resentenced.

4

In 2012, while his 2010 motion to compel was still pending, Kelly asked the district court to take judicial notice of recent Supreme Court cases and argued that his counsel had provided ineffective assistance by failing to object to the change in drug type, which resulted in his acceptance of the plea agreement.

In 2016, Kelly filed motions for summary judgment and for judgment on the pleadings, pointing out that the government had not opposed his motion to compel specific performance. Kelly also requested an evidentiary hearing and for the district court to resentence him.

In the meantime, in 2016, the district court granted Kelly's 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines, and reduced Kelly's sentence on Count 1 to 240 months in prison. Thus, as it stands now, Kelly's total sentence is 300 months.

### E.    District Court's Ruling

In 2017, the district court referred Kelly's motion to compel specific performance to a magistrate judge. The magistrate judge issued a report recommending that Kelly's motion to compel specific performance, including his related motions for summary judgment and judgment on the pleadings, be denied. The 2017 report addressed the merits of Kelly's motion, concluding, inter alia, that the government did not prejudicially breach the plea agreement and that the PSI's

5

drug type and quantity (actual v. powder) were consistent with the indictment and the factual basis for the plea.

In a footnote, the 2017 report noted that "to the extent the Motion might be construed as a motion to vacate or set aside a conviction, pursuant to 28 U.S.C. § 2255, it is time barred." The 2017 report explained that Kelly's conviction was final in February 2008, ninety days after his direct appeal was dismissed and that Kelly did not file his motion to compel specific performance until August 4, 2010, outside the one-year period in § 2255(f) for filing a § 2255 motion.

The 2017 report informed Kelly that he had fourteen days to object to the report's findings of fact and recommendations and that a "[f]ailure to object to factual findings w[ould] bar later review of those findings, except for plain error." Kelly did not object to the 2017 report. The district court, reviewing de novo, adopted the report and denied Kelly's motion to compel specific of the plea agreement and his related motions.

## II. DISCUSSION

Here, Kelly's pro se motion seeking to enforce the plea agreement essentially asks that the district court resentence Kelly using a different drug type and quantity, methamphetamine powder rather than methamphetamine actual, which he says would result in a lower advisory guidelines range. The district court denied Kelly's pro se motion on the merits, finding that the government did not

6

breach the plea agreement and that the drug type and quantity used in the PSI to calculate Kelly's guidelines range was consistent with the drug quantity alleged in Kelly's indictment and in the factual basis for his plea. The first question is whether the district court had jurisdiction to change Kelly's sentence.[1]

## A.  District Court's Jurisdiction to Modify a Sentence

"The authority of a district court to modify an imprisonment sentence [once it has been imposed] is narrowly limited by statute."  United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010).  Under 18 U.S.C. § 3582(c), a district court may modify a sentence only if: (1) the Bureau of Prisons ("BOP") files a motion and certain other conditions are met; (2) a modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) the defendant was sentenced based on a guidelines range that has subsequently been lowered by the Sentencing Commission and other requirements are met.  See 18 U.S.C. § 3582(c)(2); Phillips, 597 F.3d at 1194-95.  Thus, "absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35."  Phillips, 597 F.3d at 1195.

Furthermore, the time for filing a Rule 35 motion is jurisdictional, and outside of Rule 35, "there exists no 'inherent authority' for a district court to

---

[1]We review de novo whether the district court had jurisdiction to rule on a defendant's post-conviction motion seeking to modify his sentence or to enforce a plea agreement.  See United States v. Phillips, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010); United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).

modify a sentence." United States v. Diaz-Clark, 292 F.3d 1310, 1315-19 (11th Cir. 2002) (concluding that the district court was without jurisdiction to resentence the defendant under Rule 35 after the then-seven day period had expired).

Kelly's current pro se motion to compel specific performance does not fall within any of the other categories of authorized § 3582(c) motions.  In addition, given that Kelly's pro se motion was not filed within seven days of his February 2007 sentencing, the district court did not have jurisdiction under Rule 35 to consider its merits.[2]  See Diaz-Clark, 292 F.3d at 1317.  Thus, absent some other statutory source for jurisdiction, the district court should have dismissed, rather than denied, Kelly's pro se motion.

## B.    Section 2255

The remaining question, though, is whether the district court should have construed Kelly's pro se motion to compel specific performance as a § 2255 motion, especially given that Kelly had never filed a § 2255 motion.

"Federal courts are obligated to look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003).  Therefore, a

---

[2]At the time of Kelly's 2007 sentencing, a district court could correct a sentence that resulted from arithmetical, technical, or other clear error within seven days of imposing the sentence.  See Fed. R. Crim. P. 35(c) (2008).  Under the current version of Rule 35, effective December 1, 2009, a district court may correct a sentence for the same reasons within fourteen days of orally pronouncing the sentence.  Fed. R. Crim. P. 35(a).  Thus, under either version of Rule 35, the time to file a Rule 35 motion to correct Kelly's sentence expired long before he filed his pro se motion to compel specific performance of his plea agreement in 2010.

district court is authorized to recharacterize a pro se litigant's motion for relief from a criminal judgment as a 28 U.S.C. § 2255 motion to vacate. Castro v. United States, 540 U.S. 375, 381-83, 124 S. Ct. 786, 791-92 (2003). In addition, this Court has held that a district court has subject matter jurisdiction over a defendant's post-conviction motion to compel specific performance of a plea agreement under § 2255. See United States v. Al-Arian, 514 F.3d 1184, 1190-91 (11th Cir. 2008) (explaining that if the government had made and breached a promise in the plea agreement, a defendant would be serving a federal sentence in violation of his constitutional due process rights and thus the district court had jurisdiction under § 2255 to enforce the plea agreement post-conviction).

However, before a district court can recharacterize a pro se motion as an initial § 2255 motion, the district court must provide the defendant with notice of its intended recharacterization, warn the defendant that the recharacterization will subject any subsequent § 2255 motions to the restrictions on second or successive motions, and provide the defendant an opportunity to withdraw or amend the motion. Castro, 540 U.S. at 383, 124 S. Ct. at 792. If the district court fails to adhere to these requirements, the motion cannot be considered a § 2255 motion for the purposes of applying the second or successive restrictions to the defendant's later § 2255 motions. Id., 124 S. Ct. at 792.

9

Moreover, in order for a prisoner to appeal a final order in a § 2255 proceeding, either the district court or this Court must issue a certificate of appealability ("COA").  28 U.S.C. § 2253(c); see also Fed. R. App. P. 22.  If, as here, a pro se prisoner files a notice of appeal, the district court must treat it as an application for a COA and then either issue a COA or state why a COA should not issue.  See Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997).  The district court is required to rule upon an application for a COA before this Court will consider a request for a COA.  Id. at 1084-85 (remanding for the district court consider the COA issue).

Here, the magistrate judge's 2017 report noted in a footnote that Kelly's pro se post-conviction motion could be construed as a § 2255 motion and that if it was so construed, it would be untimely.  Further, although the district court adopted the report, it denied the motion to compel specific performance of the plea agreement rather than dismiss it as untimely.  To the extent the district court did in fact dismiss Kelly's construed § 2255 motion as time-barred, the district court did not follow the Castro procedures and provide notice to Kelly before doing so.  The district court also did not issue a COA ruling in response to Kelly's notice of appeal.

Accordingly, a remand is appropriate here for the district court to properly construe Kelly's pro se motion as an initial § 2255 motion and to follow the

10

procedures in <u>Castro</u>.  Under <u>Castro</u>, the district court should give Kelly an opportunity to raise all of the claims he has challenging his convictions and sentences and the government the opportunity to raise any defenses, including the timeliness of Kelly's construed § 2255 motion.  <u>See</u> <u>Castro</u>, 540 U.S. at 383, 124 S. Ct. at 792 (stating that "the district court must notify the <u>pro se</u> litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has").  In addition, the district court should, if necessary, address any subsequent application for a COA.

## C.    Kelly's Failure to Object to the Report

Citing this Court's Rule 3-1, the government argues that even though the district court did not comply with <u>Castro</u>, this Court need not remand because Kelly waived his right to review from this Court by not filing written objections to the magistrate judge's 2017 report.  Rule 3-1, however, would not completely bar review in this case because Kelly asserts that he never received the 2017 report, and even if Kelly did receive the report, the district court did not fully warn him of the consequences of failing to object.

Under Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations in a report "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object."  11th Cir. R. 3-1.  However, even absent an objection, Rule 3-1 provides that this Court may review for plain error "if necessary in the interests of justice."  Id.

In this case, the 2017 report warned Kelly only that his failure to object to the report's factual findings would result in review of those factual findings for plain error.  The report did not warn Kelly that his failure to object would result in a waiver of his right to challenge the district court's order on appeal.  The 2017 report also said nothing about whether Kelly was required to object to legal conclusions in addition to factual findings.  Thus, we decline to find that Kelly waived his right to appeal and to affirm on that basis.

### III.  CONCLUSION

For these reasons, we vacate the district court's order denying Kelly's pro se motion to compel specific performance of the plea agreement and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

12