[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14658
Non-Argument Calendar

_____

D. C. Docket No. 95-03039-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WENDELL L. CRAWFORD,
a.k.a. NUT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 18, 2007)**

Before BIRCH,  DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Wendell Crawford, a federal prisoner proceeding pro se, appeals the district court's order denying his motion to modify sentence based upon a retroactive change to the advisory United States Sentencing Guidelines ("the Guidelines"), 18 U.S.C. § 3582(c)(2), both as an unauthorized second or successive 28 U.S.C. § 2255 motion, and, additionally, because it was outside the "scope" of § 3582(c)(2). Because the changes made by Amendment 591 to the Guidelines had no impact on Crawford's sentence in this case, the district court correctly denied Crawford's request for sentencing relief as outside the "scope" of § 3582(c)(2), and we AFFIRM in part as to that portion of the district court's order. Because the district court never considered whether to issue a Certificate of Appealability ("COA") as to the portion of its order denying Crawford's § 3582(c)(2) as an unauthorized second or successive § 2255 motion, however, we REMAND in part for consideration of which, if any, issues meet the COA standard.

## I. BACKGROUND

In June 1995, Crawford was indicted along with six other individuals and charged with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a), (b)(1)(A)(iii), and 18 U.S.C. § 2. A jury found him guilty as charged.

In calculating Crawford's sentencing range, the presentence investigation report ("PSI") grouped Crawford's two counts of conviction together pursuant to U.S.S.G. § 3D1.2(d) (1994) and noted that the base offense level for a § 846 offense was found in U.S.S.G. § 2D1.1. The PSI initially assigned a base offense level of 38, which the district court later reduced to 36 under § 2D1.1(c)(4) based on the court's finding that the offense involved between 500 grams and 1.5 kilograms of cocaine base. After applying 2-level enhancements for a co-conspirator's possession of a firearm, pursuant to § 2D1.1(b)(1), and obstruction of justice, pursuant to U.S.S.G. § 3C1.2, the court found that Crawford had a total offense level of 40 and a criminal history category of I, resulting in a guideline sentencing range of 292 to 365 months of imprisonment. The court sentenced Crawford to 292 months of imprisonment, and we affirmed on direct appeal. United States v. Stallworth, No. 95-3533, 121 F.3d 721 (11th Cir. July 22, 1997) (unpublished).

In 1998, Crawford filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, which the district court denied. Both the district court and our court denied a COA. After the conclusion of his § 2255 proceedings, Crawford also filed (1) an application for leave to file a second or successive § 2255 motion,

which we denied; and (2) a motion for a new sentencing hearing, which the district court denied.

Crawford then filed a pro se motion to modify his sentence based upon a retroactive amendment to the Guidelines, pursuant to 18 U.S.C. § 3582(c)(2). Crawford stated that retroactive application of Amendment 591 to the Guidelines would result in the reduction of his sentence because, under that amendment, a district court must base its selection of the applicable offense guideline only on the charged offense, not simply a finding that the defendant had engaged in conduct covered by that guideline. Crawford then asserted that the district court violated his Confrontation Clause rights by enhancing his sentence based on unreliable hearsay evidence regarding drug quantity and a co-conspirator's possession of a firearm. Crawford argued that, "[b]ecause the scope of conduct for which a defendant can be held accountable under the sentencing guidelines is significantly narrower than the conduct embraced by the law of Conspiracy," district courts may not "without further findings simply sentence a defendant according to the amount of narcotics involved in the conspiracy." R352 at 7. Crawford then asserted that (1) the government failed to prove disputed sentencing facts by a preponderance of the evidence; (2) the district court sentenced him based on the total drug quantity involved in the conspiracy without properly considering his lesser role in the

4

conspiracy; (3) he should have received a four-level minor-role reduction under U.S.S.G. § 3B1.2; and (4) he should not have received a two-level firearm enhancement under U.S.S.G. § 2D1.1(b) because his co-conspirator's possession of a weapon was not "reasonably foreseeable." Id. at 8-11. Crawford thus concluded that his total offense level should be 30, and that the district court had the discretion under § 3582(c)(2) to vacate his sentence and resentence him within a guideline range of 97 to 121 months of imprisonment.

Without requiring the government to respond, the district court denied Crawford's § 3582(c)(2) motion "for lack of jurisdiction because the motion is an attempt to file a second Section 2255 petition, without Circuit authorization." R-353. The court further stated that Crawford's motion was "[a]lso DENIED on the merits because it is not within the scope of Section 3582(c)(2)." Id.

Crawford filed a timely notice of appeal, which the district court did not construe as a motion for a COA. Crawford then moved in our court for leave to proceed on appeal in forma pauperis ("IFP"). We granted Crawford's motion for leave to proceed on appeal IFP.

## II.  DISCUSSION

**A.  The Requirement of a COA in this Appeal**

As an initial matter, it appears that at least a portion of Crawford's appeal is not properly before us. As noted above, the district court denied Crawford's § 3582(c)(2) motion on two grounds: (1) for lack of jurisdiction because it was an unauthorized second or successive § 2255 motion, and (2) on the merits because it was not within the "scope" of § 3582(c)(2). R-353. To the extent that the district court denied Crawford's motion on the ground that it was not within the "scope" of § 3582(c)(2), that portion of the judgment would be appealable as a final order of the district court. See 28 U.S.C. § 1291.

To the extent the district court denied relief on the ground that the § 3582(c)(2) motion was, in substance, a second or successive § 2255 motion, however, Crawford must receive a COA to appeal that portion of the order. See 28 U.S.C. § 2253(c)(1) (providing that "unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255"). Because Crawford's § 3582(c)(2) motion, at least in part, challenged the constitutionality of his sentence under the Confrontation Clause, the district court correctly construed the filing as a successive § 2255 motion. See Means v. Alabama, 209 F.3d 1241, 1242 (11th

6

Cir. 2000) (per curiam) (citation omitted) (noting that federal courts must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief); 28 U.S.C. § 2255 (providing the exclusive statutory vehicle for a federal prisoner to claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence"). As such, Crawford would need a COA to proceed as to that portion of his appeal.

As noted above, Crawford properly filed a notice of appeal from the denial of his § 3582(c)(2) motion, but the district court did not construe the notice of appeal as a motion for COA, and, thus, never considered whether to issue a COA. We will not make the initial determination of whether to issue a COA; the district court must rule first. Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997) (per curiam). Accordingly, we order a limited remand in part for the district court to consider which issues, if any, meet the standard for issuance of a COA, pursuant to Edwards.

Because the portion of the district court's order denying Crawford's § 3582(c)(2) motion as outside the "scope" of § 3582 is properly before us as an appeal under § 1291, and because the parties already have submitted their appellate

7

briefs, in the interest of judicial economy we will address Crawford's appeal from that portion of the judgment without waiting for the district court's ruling on a COA on the other portion of the district court's judgment.

**B.     The Merits of Crawford's § 3582(c)(2) Appeal**

On appeal, Crawford reasserts essentially <u>verbatim</u> the arguments he initially raised in his § 3582(c)(2) motion.  Again, Crawford contends that Amendment 591 would result in the reduction of his sentence because the selection of the offense guideline must be based only on the offense of conviction, not a finding that the defendant's conduct fell within a particular guideline.  Crawford argues that the district court violated his Confrontation Clause rights by enhancing his sentence based on unreliable hearsay testimony regarding the total drug quantity involved in the conspiracy and a co-conspirator's possession of a firearm.  Crawford contends that relevant conduct under the Guidelines is a narrower concept than the "law of Conspiracy," and that the district court must make additional findings before holding a defendant accountable for the total amount of drugs in a conspiracy. Appellant's Br. at 11.  As before, Crawford argues that (1) the government failed to prove disputed sentencing facts by a preponderance of the evidence; (2) the district court sentenced him based on the total drug quantity involved in the conspiracy without properly weighing his lesser role in the offense; (3) he deserved

8

a four-level minor-role reduction under U.S.S.G. § 3B1.2; and (4) his § 2D1.1(b) firearm enhancement was improper because his co-conspirator's possession of a weapon was not "reasonably foreseeable." Id. at 11-17. Crawford again concludes that his total offense level should be 30, and that the district court had the discretion under § 3582(c)(2) to vacate his sentence and resentence him within a guideline range of 97 to 121 months of imprisonment.

In his reply brief, Crawford also argues (for the first time) that we should consider whether United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), applies to § 3582(c)(2) motions. Crawford acknowledges our contrary holding in United States v. Moreno, 421 F.3d 1217 (11th Cir. 2005) (per curiam), cert. denied, 126 S. Ct. 1643 (2006), but asserts that "[s]ome circuits ha[ve] held that [Booker] does [apply to § 3582(c)(2) motions]." Appellant's Reply Br. at 1. Crawford then briefly reiterates his claim that Amendment 591 prohibited the district court from considering his relevant conduct in setting his base offense level.

We review for an abuse of discretion a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Vautier, 144 F.3d 756, 759 n.3 (11th Cir. 1998) (citation omitted).

9

Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant's sentence was based upon a sentencing range that has been subsequently lowered by the Commission pursuant to 28 U.S.C. § 994(o). United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). Before granting a sentence modification, however, a district court must consider the factors set forth in § 3553(a) to the extent that they are applicable, and evaluate whether such a reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3553(a) provides that the court must evaluate, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed. 18 U.S.C. § 3553(a). Thus, the law permits, but does not require, a district court to resentence a defendant under § 3582(c)(2). United States v. Brown, 104 F.3d 1254, 1255 (11th Cir. 1997) (per curiam) (citation omitted). Moreover, only amendments listed in § 1B1.10(c) may be applied retroactively using a § 3582(c)(2) motion. U.S.S.G. § 1B1.10(a); United States v. Pelaez, 196 F.3d 1203, 1205 n.3 (11th Cir. 1999). Amendment 591 is one of the amendments listed in § 1B1.10(c). U.S.S.G. § 1B1.10(c); Moreno, 421 F.3d at 1219.

We do not require a district court to make specific findings explaining its decision not to resentence a defendant, so long as the court clearly considered the factors listed in § 3553(a) and set forth adequate reasons for its refusal to modify the original sentence. Brown, 104 F.3d at 1255. Moreover, a sentencing adjustment undertaken pursuant to § 3582(c)(2) does not constitute a de novo resentencing. Bravo, 203 F.3d at 781 (citation omitted). All original sentencing determinations remain unchanged with the exception of the guideline range that has been amended since the original sentencing. Id. (citation omitted).

Amendment 591 to the Sentencing Guidelines amended the language of several sentencing guidelines to address "a circuit conflict regarding whether the enhanced penalties in U.S.S.G. § 2D1.2 . . . appl[ied] only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct included drug sales in a protected location or involving a protected individual." U.S.S.G. App. C, amend. 591 at "Reason for Amendment" (Nov. 2000). By its explicit terms, Amendment 591 simply clarified that, "in order for the enhanced penalties in §2D1.2 to apply, the defendant must [have been] convicted of an offense referenced to §2D1.2, rather than simply have engaged in conduct described by that guideline." Id. Section 2D1.2(a)(1) provides heightened base offense levels for drug offenses

11

involving a "protected location or an underage or pregnant individual." Only defendants convicted of offenses under 21 U.S.C. §§ 859, 860, and 861 are subject to the enhanced penalties of § 2D1.2. U.S.S.G. § 2D1.2, comment. (Statutory Provisions).

In Moreno, the defendant sought a sentence reduction under § 3582(c)(2), arguing that Amendment 591 prohibited the district court from selecting a base offense level of 38 within § 2D1.1 because that level was not based solely on the jury verdict in his case, which did not reference a drug quantity. 421 F.3d at 1219. We noted that "Amendment 591 directs the district court to apply the guideline dictated by the statute of conviction, but does not constrain the use of judicially found facts to select a base offense level within the relevant guideline." Id. at 1219-20 (citation omitted). We observed that Moreno's argument confused two distinct steps: (1) the selection of the applicable offense guideline, and (2) the selection of the base offense level within the relevant offense guideline. Id. at 1220. We then agreed with two other circuits in holding that Amendment 591 only applies to the selection of the relevant offense guideline, not the selection of the specific base offense level within the applicable offense guideline. Id. (citations omitted). Thus, we concluded that the district court did not abuse its discretion in denying Moreno's § 3582(c)(2) motion. Id.

12

Here, the district court correctly found that Crawford's request for a sentence reduction pursuant to Amendment 591 fell outside the "scope" of § 3582(c)(2). See R-353. By its express terms, Amendment 591 only clarified that the enhanced base offense levels in § 2D1.2 apply only to defendants convicted under 21 U.S.C. §§ 859, 860, and 861. See U.S.S.G. § 2D1.2, comment. (Statutory Provisions). Crawford was convicted under 21 U.S.C. §§ 846, 841(a), and 18 U.S.C. § 2, which are not enumerated offenses subject to the enhanced base offense levels of § 2D1.2. See id. As such, the changes made by Amendment 591 had no impact on Crawford's sentence in this case.

Similarly, to the extent that Crawford contended that Amendment 591 prohibited the district court from setting his base offense level within § 2D1.1 based on facts not found by the jury, that argument is directly foreclosed by our decision in Moreno. See Moreno, 421 F.3d at 1220. Moreover, Crawford's various other sentencing arguments—that (1) the government failed to prove disputed sentencing facts by a preponderance of the evidence; (2) the district court did not properly weigh his role in the conspiracy before sentencing him based on the total drug quantity involved in the conspiracy; (3) he should have received a mitigating-role reduction; and (4) the firearm enhancement was improper because the co-conspirator's possession of a weapon was not "reasonably

13

foreseeable"—are not based on any retroactive guideline amendment, and, thus, are not properly raised in a § 3582(c)(2) motion. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(o); Bravo, 203 F.3d at 780-81.

Finally, Crawford's argument that Booker applies to § 3582(c)(2) motions, raised for the first time in his reply brief, is not properly presented to us. See United States v. Britt, 437 F.3d 1103, 1104-05 (11th Cir. 2006) (per curiam) (holding that a Booker claim cannot be raised for the first time in a reply brief). Even if Crawford's Booker argument was properly raised on appeal, however, it would be without merit. In Moreno, we additionally held that Booker is inapplicable to § 3582(c)(2) motions because it is a Supreme Court decision, not a retroactively applicable guideline amendment promulgated by the Sentencing Commission. Moreno, 421 F.3d at 1220. Accordingly, Booker does not provide a jurisdictional basis to modify and reduce Crawford's sentence under § 3582(c)(2).

### III.  CONCLUSION

Based on the foregoing, we AFFIRM in part, and order a limited REMAND in part for the district court to consider which issues, if any, meet the standard for issuance of a COA.

**AFFIRMED IN PART, LIMITED REMAND IN PART.**

14