**UNITED STATES of America**

v.

**Randall L. ATWELL.**

**Case No. 6:01–cr–27–Orl–31DAB.**

United States District Court,
M.D. Florida,
Orlando Division.

Aug. 4, 2008.

Order Denying Reconsideration
Sept. 10, 2008.

Ian B. Hinshelwood, U.S. Attorneys, Orlando, FL, for United States of America.

## ORDER

GREGORY A. PRESNELL, District Judge.

On May 12, 2008, this Court, *sua sponte,* entered an Order (Doc. 113) directing the parties to respond regarding Defendant's eligibility for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The parties filed timely responses thereto (Docs. 116 and 117), as well as supplemental briefs and authorities (Docs. 119, 121 and 122), and oral argument was held before this Court on August 1, 2008.

## I. Background

On May 3, 2001, following a jury trial, Defendant Randall Atwell ("Atwell") was found guilty of one count of possession with the intent to distribute and distribution of more than 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841 ("§ 841"). (Doc. 44). On July 25, 2001, this Court sentenced Atwell to life imprisonment (Doc. 51). However, that sentence was later vacated (Doc. 77) and Atwell was re-sentenced to 210 months incarceration, followed by 60 months of supervised release (Doc. 100).

On March 3, 2008, the United States Sentencing Commission retroactively adopted Amendments 706 and 711 to the United States Sentencing Guidelines ("the Guidelines"). Therefore, some Defendants are entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) ("§ 3582") which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (2007).

The Government concedes that, pursuant to § 3582 and Amendments 706 and 711, this Court has jurisdiction to reduce Atwell's term of imprisonment from 210 months to 168 months. However, Defendant argues that, pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this Court has the authority to reduce his sentence even further, to 120 months, which is the statutory minimum under § 841.

## II. Legal Analysis

In *Booker,* the Supreme Court considered the constitutionality of the Sentencing Reform Act of 1984 ("the SRA"). Specifically, the Court considered "[w]hether the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant." *Booker,* 543 U.S. at 229, 125 S.Ct. 738, n1. The Court answered this question in the affirmative, and went on to fashion a remedy by excising the two provisions of the SRA that made application of the Guidelines mandatory: 18 U.S.C. §§ 3553(b)(1) and 3742(e). However, *Booker* was not made retroactive and did

not address resentencings under § 3582. Thus, the question presented here becomes whether the rationale of *Booker* should be extended to include a § 3582 resentencing.

■ This proceeding is a resentencing, occasioned by the retroactive application of an amended guideline which lowers Defendant's guideline score. But the statute which provides the Court with jurisdiction to re-sentence the Defendant specifically limits the Court's authority to a reduction "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).[1] And, the Sentencing Commission's policy in regard to crack resentencings is clear—any reduction in sentence is limited to two guideline levels and a "full resentencing of the Defendant" is prohibited. U.S.S.G. § 1B1.10.

The only Circuit Court opinion that is arguably on point is *United States v. Hicks*, 472 F.3d 1167 (9th Cir.2007). Since the *Hicks* decision, and perhaps in response to it, the Sentencing Commission has amended its policy statement to make it clear that it intended to impose a two-level limitation on § 3582 resentencings. *See United States v. Strothers*, 2008 WL 2473686, *4–5, 2008 U.S. Dist. LEXIS 47630, *12 (W.D.Pa. June 19, 2008) (Bloch, J.). However, the Defendant argues that the reasoning in *Hicks* still applies, and suggests that the amended policy statement is unconstitutional.

There are district court decisions on both sides of this issue across the country. *See, e.g., United States v. Ragland*, Criminal Case No. 98–0196–01, 568 F.Supp.2d 19, 2008 WL 2938662 (D.D.C. July 31, 2008) (Friedman, J.) and *United States v. Strothers, supra.* Here in the Middle District of Florida, Judge Merryday has upheld the policy statement as not violative of *Booker. United States v. Clarke*, 2008 U.S. Dist. LEXIS 34577 (M.D.Fla. April 28, 2008). However, *Clarke* relies on *United States v. Crawford*, 243 Fed.Appx. 476 (11th Cir.2007) and *United States v. Moreno*, 421 F.3d 1217 (11th Cir.2005), which are inapposite. *See United States v. Stokes*, 2008 WL 938919, *3–4, 2008 U.S. Dist. LEXIS 27938, *9–10 (M.D.Fla. April 7, 2008) (Conway, J.). Thus, this is an open question in the Eleventh Circuit.

However, having considered all available persuasive authority on the subject, this Court finds Judge Steele's Opinion in *United States v. Speights*, 2008 U.S. Dist. LEXIS 10356 (S.D.Ala. June 23, 2008), to be a sound and accurate statement of the reasons why *Booker* does not apply to § 3582 resentencings. Therefore, this Court incorporates that Opinion by reference herein and finds that it is without jurisdiction to reduce Atwell's sentence below 168 months.

Accordingly, it is

**ORDERED** that Randall Atwell is hereby re-sentenced to a term of 168 months incarceration or time served, whichever is greater. Upon his release by the Bureau of Prisons, Defendant will be subject to the conditions and term of supervised release imposed by this Court in its judgment, dated December 18, 2002 (Doc. 103).

## ORDER

On August 4, 2008, the Court entered its Order re-sentencing the Defendant pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 124). Notwithstanding the reduction in Defendant's sentence, Defendant filed a Motion

---

1. There has been no argument that this is an unconstitutional delegation.

to Reconsider ("Motion") (Doc. 125), in which he challenges the constitutionality of U.S.S.G. § 1B1.10 as an improper delegation of power. For the following reasons, the Defendant's Motion is **DENIED.**

## I. Background

On May 31, 2001, the Defendant, Randall Atwell ("Atwell"), was found guilty of one count of possession with the intent to distribute and distribution of more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 841. (Doc. 44). On July 25, 2001, this Court sentenced Atwell to life imprisonment (Doc. 51). However, that sentence was later vacated (Doc. 77), and Atwell was resentenced to 210 months incarceration, followed by 60 months of supervised release (Doc. 100).

On August 4, 2008, the Court re-sentenced Atwell again, further reducing his sentence from 210 months of incarceration to 168 months of incarceration, in light of Amendments 706 and 711 to the United States Sentencing Guidelines (the "Guidelines") (Doc. 124). While Atwell contended that *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), should be extended to re-sentencing proceedings, so as to render U.S.S.G. § 1B1.10 discretionary, rather than mandatory, the Court specifically rejected that argument. *Id.* Adopting the reasoning of Judge Steele in *United States v. Speights,* 561 F.Supp.2d 1277, 2008 U.S. Dist. LEXIS 10356 (S.D.Ala.2008), the Court concluded that *Booker* did not apply to § 3582

re-sentencings inasmuch as the Sixth Amendment concerns present in *Booker* simply were not implicated in re-sentencings. *Id.*

In the instant Motion, Atwell now argues that § 3582(c)(2), when applied in conjunction with U.S.S.G. § 1B1.10, constitutes an unconstitutional delegation of power to the United States Sentencing Commission (the "Commission"). Specifically, Atwell contends that the Commission has exceeded its authority in promulgating § 1B1.10(b)(2)(A),[1] which limits the discretion of Article III courts to reduce a crack sentence by no more than two guideline levels. While Atwell also appears to ask this Court to reconsider its analysis of *Booker* as applied to re-sentencings, the Court confines its present decision to Atwell's improper delegation argument and affirms its adoption of *Speights.*

## II. Legal Analysis

Congress has limited the courts' discretion to re-sentence defendants by virtue of § 3582(c)(2), which provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set sort in

---

**1.** The Court notes that § 1B1.10(b)(2)(A) is a policy statement rather than a guideline. While Defendant has suggested that this policy statement did "not have to be submitted to Congress before becoming effective" but is nevertheless "binding law" (Doc. 125 at 3–4), Defendant has not raised any challenge as to the administrative process used to enact

§ 1B1.10(b)(2)(A). Accordingly, the Court has assumed that § 1B1.10(b)(2)(A) was an integral part of the Commission's rule making and amendment process which was subject to notice and comment and is thus binding on the Court and the Defendant. *See, e.g., General Elect. Co. v. Envtl. Protection Agency,* 290 F.3d 377 (D.C.Cir.2002).

section 3553(a) to the extent they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582(c)(2) (2007) (emphasis added).

Here, the "applicable policy statements" are those found in § 1B1.10, which provides:

Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2)(A) (2008).

Atwell does not challenge Congress' authority to delegate the promulgation of sentencing guidelines to the Commission, Congress' failure to include an intelligible principle in the Commission's 1984 enabling act, or even § 3582(c)(2)'s gap-filling provision (i.e., reliance on the "policy statements" of the Commission). Instead, Atwell argues that § 1B1.10(b)(2)(A), by precluding courts from reducing a sentence beyond two guideline levels, constitutes an "adjudicatory decision that cannot be delegated" to the Commission.

As the Supreme Court in *Mistretta v. United States* recognized, however, "[T]he sentencing function long has been a peculiarly shared responsibility among the Branches of Government and has never been thought of as the exclusive constitutional province of any one Branch." 488 U.S. 361, 390, 109 S.Ct. 647, 102 L.Ed.2d

714 (1989). Indeed, Congress—not the judiciary—has long had the power to fix the sentence of a federal crime, establish minimum sentences, and otherwise limit the scope of judicial discretion with respect to sentencing. *Id.* at 364 (citing, *inter alia, United States v. Wiltberger,* 18 U.S. (5 Wheat.) 76, 5 L.Ed. 37 (1820)). While this power is importantly not without limit, *see, e.g., Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court has found—in a thorough and exhaustive decision explicitly left intact by *Booker[2]*—that Congress may delegate its authority to establish sentencing guidelines to the Commission. *Mistretta,* 488 U.S. 361, 371–72, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

■ In delegating authority to the Commission, enacting § 3582(c) (2), and promulgating "applicable policy statements," neither Congress nor the Commission have assumed an adjudicatory role. Just as Congress may itself fix the sentencing boundaries for a particular crime and require the courts to abide by same, so too may Congress delegate to the Commission the authority to establish sentencing ranges within those boundaries. The Commission's determination to limit crack reductions to two guideline levels is consistent with the lawful delegation of that authority by Congress. 29 U.S.C. § 994(u) (2007).

Accordingly, Defendant's Motion to Reconsider (Doc. 125) is **DENIED.**

---

**2.** "Our holding today does not call into question any aspect of our decision in *Mistretta.* That decision was premised on an understanding that the Commission, rather than performing adjudicatory functions, instead makes political and substantive decisions ... We have thus always recognized the fact that the Commission is an independent agency that exercises policymaking authority delegated to it by Congress. Nothing in our holding today is inconsistent with our decision in *Mistretta.*" *Booker,* 543 U.S. 220, 242–43, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).