[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12070
Non-Argument Calendar

_____

D. C. Docket No. 95-03039-CR-3-RV-MD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WENDELL CRAWFORD,
a.k.a. Nut,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 31, 2009)

Before BIRCH, CARNES and WILSON, Circuit Judges.

PER CURIAM:

This appeal results from Wendell Crawford's second motion for a sentence

reduction under 18 U.S.C. § 3582(c)(2). We rejected Crawford's first motion on the grounds that Amendment 591to the United States Sentencing Guidelines did not affect his sentence. See United States v. Crawford, 243 Fed. Appx. 476, 482 (11th Cir. 2007) (per curiam). He then filed pro se this § 3582(c)(2) motion based on Amendment 706, which reduced by two levels the base offense level for certain crack cocaine offenses. R1-390. The district court granted his motion and reduced his sentence to 235 months of imprisonment – the minimum term of his amended guideline range.[1] R1-392.

Crawford, represented by counsel on appeal, contends that the advisory nature of the sentencing guidelines permitted the district court to impose a new sentence below the amended guideline range. This issue is now foreclosed by our decision in United States v. Melvin, No. 08-13497, ___ F.3d ___, 2009 WL 236053, at *1 (11th Cir. Feb. 3, 2009) (per curiam) (holding that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 552 U.S. ___, 128 S. Ct. 558 (2007), do not apply to § 3582(c)(2) proceedings and that "a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing

---

[1]Crawford was originally sentenced to 292 months of imprisonment for conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base. See Crawford, 243 Fed. Appx. at 478. We affirmed on direct appeal. See United States v. Stallworth, No. 95-3533, 121 F.3d 721 (11th Cir. July 22, 1997) (per curiam) (unpublished).

Commission").  Accordingly, we AFFIRM Crawford's sentence.

**AFFIRMED.**