[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17160
Non-Argument Calendar

_____

D. C. Docket No. 05-80021-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID AUSTIN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 31, 2006)**

Before BLACK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

After pleading guilty, David Austin appeals his 180-month sentence for

being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  After review, we affirm.

## I.  BACKGROUND

A federal grand jury charged Austin with knowingly possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Austin pled guilty to the charge pursuant to a written plea agreement.

The presentence investigation report ("PSI") recommended that Austin be classified an armed career criminal pursuant to U.S.S.G. § 4B1.4 based on Austin's criminal record.  The PSI listed six qualifying prior felony convictions, including aggravated battery, aggravated assault, sale of a substance in lieu of cocaine and three carrying-a-concealed-weapon convictions.  The criminal history portion of the PSI contained more detailed information about each of the six convictions, including the underlying circumstances of the offenses.  With a criminal history category of VI and a total offense level of 30, the PSI initially calculated an advisory guidelines range of 168 to 210 months' imprisonment.  However, because Austin was subject to a statutory minimum sentence of 15 years, the PSI recommended a guidelines range of 180 to 210 months.

Prior to and during sentencing, Austin did not dispute the existence of these six prior felony convictions.  Indeed, Austin has never denied that he has prior

convictions for aggravated battery, aggravated assault, and sale of a substance in lieu of cocaine and three convictions for carrying a concealed weapon. Nor did he dispute the factual accuracy of the PSI. Rather, Austin objected to his classification as a career offender because his prior felony convictions had not been alleged in his indictment or admitted in his guilty plea. The district court overruled Austin's objection. The district court found that Austin had the requisite prior convictions for purposes of being an armed career criminal and imposed an 180-month sentence, which represents Austin's mandatory minimum sentence of 15 years. Austin appealed.

## II. DISCUSSION

Austin argues that the district court violated his Fifth and Sixth Amendment rights when it sentenced him as an armed career criminal pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(b)(3)(B).[1] Under § 924(e), a defendant who violates § 922(g) is subject to a mandatory minimum sentence of fifteen years' imprisonment and a maximum sentence of life imprisonment if the defendant has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e)(1); United States v. Brame, 997 F.2d 1426, 1428 (11th Cir. 1993). Additionally, under

---

[1]We review de novo objections to the constitutionality of a sentence and will reverse only if we find harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

3

U.S.S.G. § 4B1.4, a defendant's base offense level is increased for purposes of calculating his advisory guidelines range if he is subject to an enhanced sentence under 18 U.S.C. § 924(e).  See U.S.S.G. § 4B1.4(a)-(b).

As Austin candidly acknowledges, Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), permits a sentencing court to enhance a defendant's sentence based on prior convictions and, despite speculation about the future viability of Almendarez-Torres, binds this Court until it is explicitly overruled by the Supreme Court.  See, e.g., United States v. Greer, 440 F.3d 1267, 1274-76 (11th Cir. 2006).

Austin argues, however, that Almendarez-Torres permits a sentencing court to find the mere fact of a conviction and that Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), bar judge-made findings about the factual nature of the prior convictions.  We have already rejected this argument.  See Greer, 440 F.3d at 1275 (explaining that Apprendi, Booker and Shepard do not "forbid a judge from determining 'the factual nature of a prior conviction,'" but instead "restrict[] the sources or evidence that a judge (instead of a jury) can consider in making that finding").

In any event, in this case, there was no dispute at sentencing that Austin has

4

these six prior felony convictions.  See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) (explaining that the "failure to object to allegations of fact in a PSI admits those facts for sentencing purposes").  Furthermore, at least three of these prior convictions were qualifying convictions on their face and did not require the district court to go behind the fact of the convictions and examine any other documentation to determine their nature.  In addition to Austin's convictions for aggravated battery and aggravated assault, his three convictions for carrying a concealed weapon qualify as both "violent felonies" within the meaning of § 924(e).  See United States v. Hall, 77 F.3d 398, 401 (11th Cir. 1996) (18 U.S.C. § 924(e)).

The district court did not err by enhancing Austin's sentence based on his prior felony convictions.  Accordingly, we affirm Austin's 180-month sentence.

**AFFIRMED.**