[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14611
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-80021-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID AUSTIN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 14, 2009)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

David Austin, Jr., a federal prisoner proceeding pro se, appeals the district

court's denial of his pro se post-conviction motion challenging sentencing enhancements based on his status as an armed career criminal. After review, we vacate and remand.

## I. BACKGROUND

In 2005, Austin pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(e). Austin had six prior felony convictions, which included aggravated battery, aggravated assault, sale of a substance in lieu of cocaine and three convictions for carrying a concealed weapon. At sentencing, the district court imposed sentencing enhancements because Austin qualified as an armed career criminal, pursuant to U.S.S.G. § 4B1.4(a) and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The district court imposed the ACCA's mandatory minimum sentence of 180 months' imprisonment.

Austin appealed his sentence to this Court. In his direct appeal, Austin argued that the district court erred in sentencing him as an armed career criminal because his prior convictions had not been alleged in the indictment or admitted in his guilty plea. This Court affirmed, concluding that, based on Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), the district court was permitted to enhance his sentence based on uncharged prior convictions. See U.S. v. Austin, 202 F. App'x 445, 447 (11th Cir. 2006).

2

Two years later, on July 31, 2008, Austin filed the instant pro se motion in the district court, which he entitled "pro se nunc pro tunc motion based on defendant's 'actual innocence' of the illegal sentence." Austin's motion argued that the district court had erred in sentencing him as an armed career criminal because (1) his prior convictions for carrying a concealed weapon no longer constitute "violent felonies" after this Court's decision in United States v. Archer, 531 F.3d 1347 (11th Cir. 2008); (2) his conviction for sale of a substance in lieu of cocaine was not a "serious drug offense"; and (3) his aggravated assault conviction was not a "violent felony." Austin asked the district court to construe his motion under the appropriate statute that would afford him relief.

Two days later, on August 2, 2008,[1] the district court denied Austin's July 31, 2008 motion, stating:

> ENDORSED ORDER denying Defendant David Austin Jr.'s motion to reduce his sentence. Defendant contends that some of the prior convictions which were relied upon to categorize him as an armed career criminal are not violent felonies as that term has been defined in Bega[y] v. United States, 128 S. Ct. 1581 (2008), and United States v. Archer, ___ F.3d ___ (11th Cir. 2008). These decisions, however, are not retroactive. Thus, unless defendant raised these issues on direct appeal, the court is without authority to grant relief.

---

[1]The district court ruled two days after Austin filed his pro se motion. If the government had been given time to respond, it appears the government would have alerted the district court of the need to give notice under Castro v. United States, 540 U.S. 375, 382-83, 124 S. Ct. 786, 792 (2003).

Austin filed this appeal.

## II. DISCUSSION

Austin's pro se motion did not identify the statute under which he was seeking relief and asked the district court to construe his motion under the appropriate statute. The district court denied Austin's motion without identifying the statute under which it was analyzing Austin's claims or some other source of its jurisdiction over Austin's claims. On appeal, the government identifies two possible statutory bases for Austin's pro se post-conviction motion: (1) 18 U.S.C. § 3582(c); or (2) 28 U.S.C. § 2255. The government argues that § 3582(c) does not authorize the district court to grant relief and that the district court could not construe Austin's motion as a § 2255 motion because it did not give the notice and warnings required by Castro v. United States, 540 U.S. 375, 382-83, 124 S. Ct. 786, 792 (2003).

A district court may properly recharacterize a pro se litigant's motion as a § 2255 motion; however, before doing so, the district court must notify the prisoner of its intention to do so, inform the prisoner of the consequences of that recharacterization and provide the prisoner with an opportunity to withdraw or amend his motion. See Castro, 540 U.S. at 382-83, 124 S. Ct. at 792. Federal courts "have an obligation to look behind the label of a motion filed by a pro se

4

inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990).

Additionally, an appeal from a district court's denial of a § 2255 motion is limited to the issues identified in a certificate of appealability ("COA") issued by the district court or this Court. See Miller-El v. Cockrell, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039 (2003); 28 U.S.C. § 2253(c). Here, Austin filed a notice of appeal in the district court. If a pro se petitioner files a notice of appeal, the district court must treat it as an application for a COA and then either issue a COA or state why a COA should not issue. See Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997); Fed. R. App. P. 22(b)(1). A district court is required to rule upon an application for a COA before we will consider a request for a COA. Edwards, 114 F.3d at 1084.

It is undisputed that, in ruling on Austin's pro se motion, the district court did not provide Austin with the Castro notice and warnings and did not issue a COA ruling in response to Austin's notice of appeal. Because the district court did not explain the basis for its jurisdiction or the statute under which it was construing Austin's pro se motion, we do not know whether the district court was construing Austin's motion under § 2255 or had some other source of jurisdiction. We

5

therefore vacate the district court's order and remand to the district court for further proceedings. On remand, the district court should either: (1) state its intention to construe Austin's motion as a § 2255 motion, comply with the <u>Castro</u> requirements and construe any subsequent notice of appeal as an application for a COA; or (2) if it chooses not to proceed under § 2255, either explain the basis for its exercising of jurisdiction or indicate why jurisdiction is lacking.

**VACATED AND REMANDED.**